UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ervin Lopez, ) | Civil Action No. 4:20-3777-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Charles Williams, Jr., Warden of Perry ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

Petitioner Ervin Lopez ("Petitioner"), an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections, filed this counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Thomas E. Rogers, for pre-trial proceedings and a Report and Recommendation ("Report"). In the Report, Magistrate Judge Rogers recommends that the habeas petition be dismissed as successive and unauthorized. (ECF No. 21.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## BACKGROUND

Magistrate Judge Rogers issued the Report on June 29, 2021. (*Id.*) On July 19, 2021, Petitioner filed objections to the Report asserting: (1) that the Magistrate Judge did

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

1

not consider whether Petitioner's current habeas petition was successive based on the reasoning in *Barbaris v. Warden*, No. 4:14-CV-3-TMC, 2014 WL 12526344 (D.S.C. June 3, 2014); and (2) the South Carolina Supreme Court decided Petitioner's *Butler*[2] petition on the merits, which demonstrates the current habeas petition is not successive. (ECF No. 26.) Respondent filed a response to Petitioner's objections on July 27, 2021. (ECF No. 29.) The matter is ripe for review and the Court now issues the following ruling.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

In *Barbaris v. Warden*, Judge Cain considered whether a petitioner's second §

---

[2] *Butler v. State*, 397 S.E.2d 87 (S.C. 1990).

2

2254 petition was successive and unauthorized based on whether the South Carolina Supreme Court's dismissal of the petitioner's habeas claims, filed after the district court denied his original federal petition, was a disposition on the merits or on procedural grounds. 2014 WL 12526344, at *1–*3. The district court dismissed the petitioner's original federal petition because his claims were procedurally defaulted. *Id.* at *1. "However, a claim is not procedurally defaulted until the petitioner has exhausted all means of presenting the claim to the state courts under the applicable state procedural rules." *Id.* at *2 (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986)). "Thus, if the Supreme Court of South Carolina considered the merits of the petitioner's state habeas petition, then those claims were not procedurally barred originally and his [second] petition [was] not successive." *Id.* The Supreme Court's order of dismissal stated, in its entirety: "This matter is before the Court on a petition for a writ of habeas corpus dated November 12, 2013. The petition is denied." *Id.* Applying a set of factors from Fourth Circuit case law to determine whether cursory state court rulings are based on the merits or on procedural grounds (*see Smith v. Dixon*, 14 F.3d 956, 963 (4th Cir. 1994)), Judge Cain found that the Supreme Court's dismissal of the petitioner's habeas claims was procedural in nature, and thus that the petitioner's second federal petition was successive and unauthorized. *Id.* at *2–*3.)

The issue of whether Petitioner's instant habeas petition is "successive" is materially distinguishable from the issue presented in *Barbaris*. Unlike the procedural default ruling in *Barbaris*, when the undersigned granted summary judgment on Petitioner's first federal habeas petition, she dismissed the petition by adjudicating the

3

substance of Petitioner's claims on their merits. *See Lopez v. Cartledge*, No. 4:13-CV-2872-BHH, 2015 WL 5554562 (D.S.C. Sept. 21, 2015) (disposing of Petitioner's constitutional, evidentiary, and ineffective assistance of counsel claims in turn), *appeal dismissed*, No. 15-7653, 642 F. App'x 287, 2016 WL 1259696 (4th Cir. 2016). To be considered successive, the second habeas petition must attack the same conviction and the first habeas petition must have been finally adjudicated on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) (establishing adjudication of claims on the merits as the measure of a "second or successive petition"). Because the instant petition is the second attack on the same convictions, and Petitioner's first petition was adjudicated on the merits, the instant Petition is successive and *Barbaris* offers Petitioner no support. Moreover, it is uncontested that Petitioner did not obtain prefiling permission from the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

Petitioner's second argument, that the South Carolina Supreme Court decided his *Butler* petition on the merits, is linked to his first, that *Barbaris* offers a route whereby his instant petition would not be considered successive. (*See* ECF No. 26 at 1–2.) The Supreme Court's treatment of his *Butler* petition, however, is irrelevant. The fact remains that Petitioner's first attack on his convictions was finally adjudicated on the merits. *See Lopez*, 2015 WL 5554562, at *2–*7, *15–*24 (granting summary judgment and dismissing petition without an evidentiary hearing). Nothing in Petitioner's briefing or objections suffices to set aside the sound reasoning of the Magistrate Judge on this issue.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

4

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections, and adopts and incorporates the Magistrate Judge's Report (ECF No. 21). The Court lacks jurisdiction over the instant habeas petition as it is successive and unauthorized. Accordingly, the habeas petition (ECF No. 1) is dismissed.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 2, 2021
Charleston, South Carolina

*****

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5